UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-995

**Motion for:** Unopposed Motion to Hold Appeal in Abeyance

**Caption [use short title]**

GOLDSTEIN, et al.

v.

HOCHUL, et al.

Set forth below precise, complete statement of relief sought:

Appellants respectfully ask the Court to hold the appeal in abeyance until the mandates issue in the related cases of Antonyuk v. Nigrelli, No. 22-2908, (2d Cir. Nov. 9, 2022), Hardaway v. Nigrelli, No. 22-2933 (2d Cir. Nov. 15, 2022), and Spencer v. Nigrelli, No. 22-3237 (2d Cir. Dec. 30, 2022).

**MOVING PARTY:** Appellants Goldstein and Ornstein
**OPPOSING PARTY:** See Appendix

[✔] Plaintiff   [ ] Defendant
[✔] Appellant/Petitioner   [ ] Appellee/Respondent

**MOVING ATTORNEY:** Geoffrey R. Surtees
**OPPOSING ATTORNEY:** See Appendix

[name of attorney, with firm, address, phone number and e-mail]

Geoffrey R. Surtees, American Center for Law and Justice
PO Box 60, New Hope KY 40052
502-549-7020, gsurtees@aclj.org

**Court- Judge/ Agency appealed from:** Southern District of New York, Hon. Vernon Speede Broderick

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✔] Yes   [ ] No (explain):_____

Opposing counsel's position on motion:
[✔] Unopposed   [ ] Opposed   [ ] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes   [✔] No   [ ] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? [ ] Yes [✔] No
Has this relief been previously sought in this court? [ ] Yes [✔] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested? [ ] Yes [✔] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [ ] Yes [✔] No If yes, enter date:_____

**Signature of Moving Attorney:**
/s/Geoffrey R. Surtees   **Date:** 9/1/23   Service by: [✔] CM/ECF   [ ] Other [Attach proof of service]

Form T-1080 (rev.12-13)

# APPENDIX TO FORM T-1080

**Opposing Parties:**

KATHY HOCHUL, in her official capacity as Governor of the State of New York

LETITIA JAMES, in her official capacity as Attorney General of the State of New York

KEECHANT SEWELL, in her official capacity as Commissioner of the New York City Police Department

LOUIS FALCO, III, in his official capacity as Rockland County Sheriff

ERIC GONZALEZ, ESQ., in his official capacity as the District Attorney of Kings County

THOMAS WALSH, II, in his official capacity as the District Attorney of Rockland County

**Opposing Attorneys:**

Jonathan D. Hitsous
Assistant Solicitor General
New York State Office of the Attorney General
The Capitol
Albany, NY 12224
518-776-2044
jonathan.hitsous@ag.ny.gov
*Counsel for Appellees Kathy Hochul and Laetitia James*

Elina Druker
New York City Law Department
6th Floor
100 Church Street
New York, NY 10007
212-356-2609
edruker@law.nyc.gov
*Counsel for Keechant Sewell*

Ingrid Gustafson
New York City Law Department
100 Church Street
New York, NY 10007
212-356-0853
igustafs@law.nyc.gov
*Counsel for Eric Gonzalez*

Thomas E. Humbach
Rockland County Department of Law
3rd Floor
11 New Hempstead Road
New City, NY 10956
845-638-5113
humbacht@co.rockland.ny.us
*Counsel for Louis Falco, III and Thomas Walsh, II*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | | |
|---|---|---|
| STEVEN GOLDSTEIN, Individually and on behalf of Congregation Bnei Matisyahu, and MEIR ORNSTEIN, | ) ) ) ) ) | |
| *Plaintiffs–Appellants*, | ) ) | |
| v. | ) ) | No. 23-995 |
| KATHY HOCHUL, in her official capacity as Governor of the State of New York, LETITIA JAMES, in her official capacity as Attorney General of the State of New York, KEECHANT SEWELL, in her official capacity as Commissioner of the New York City Police Department, LOUIS FALCO, III in his official capacity as Rockland County Sheriff, ERIC GONZALEZ, ESQ., in his official capacity as the District Attorney of Kings County, THOMAS WALSH, II, in his official capacity as the District Attorney of Rockland County, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendants–Appellees*. | ) | |

## APPELLANTS' UNOPPOSED MOTION TO HOLD APPEAL IN ABEYANCE

Pursuant to Federal Rule of Appellate Procedure 27, as well as this Court's Rule 27.1, Appellants Steven Goldstein, individually and on behalf of Congregation Bnei Matisyahu, and Meir Ornstein respectfully move the Court, without opposition, to hold this appeal in abeyance pending decisions from the Court in *Antonyuk v. Nigrelli*, No. 22-2908 (2d Cir. Nov. 9, 2022), *Hardaway v. Nigrelli*, No. 22-2933 (2d

Cir. Nov. 15, 2022) and *Spencer v. Nigrelli*, No. 22-3237 (2d Cir. Dec. 30, 2022) ("*Nigrelli* appeals"), and to extend the time for Appellants to file their opening brief until 90 days after the mandates are issued in the *Nigrelli* appeals. These cases, which have been expedited for review,[1] were argued on March 20, 2023.[2]

Appellants submit that decisions in the *Nigrelli* appeals are likely to control the issues before the Court in this appeal. The *Nigrelli* appeals not only involve challenges to the same statute challenged here, i.e., New York's Concealed Carry Improvement Act's place of worship provision, Penal Law § 265.01-e(2)(c) ("CCIA"), they involve the same core claims, i.e., claims under the Free Exercise Clause of the First Amendment and the right to bear arms under the Second Amendment.

Holding this appeal in abeyance will give the parties the benefit of guidance from this Court regarding the issues in this case, preserve judicial resources, and help avoid unnecessary, appellate practice that may be obviated by holding the appeal in abeyance.

The undersigned communicated with counsel for Appellees regarding this motion prior to its filing. Appellees do not oppose the relief Appellees seek.

---

[1] *See Antonyuk*, No. 22-2908, Doc. 75; *Hardaway*, No. 22-2933, Doc. 53; *Spencer*, No. 22-3237, Doc. 47.
[2] *See Antonyuk*, No. 22-2908, Doc. 375; *Hardaway*, No. 22-2933, Doc. 161; *Spencer*, No. 22-3237, Doc. 90.

2

## FACTUAL BACKGROUND

Appellants sought a preliminary injunction in the district court against enforcement of the CCIA's place of worship provision. Appellants argued to the district court that the law violated their rights under, *inter alia*, the First Amendment's Free Exercise Clause and the Second Amendment. The district court denied Appellants' motion, *Goldstein v. Hochul*, No. 22-cv-8300 (VSB), 2023 U.S. Dist. LEXIS 111124 (S.D.N.Y. June 28, 2023), and Appellants timely appealed.

The *Nigrelli* appeals, docketed last year, also involve interlocutory appeals over enforcement of the CCIA's place of worship provision. The *Nigrelli* appeals are fully briefed, and oral arguments were presented to a panel of the Second Circuit on March 20, 2023. This Court had previously expedited each of these cases for review.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Holding this appeal in abeyance pending the outcome of the *Nigrelli* appeals would give the parties the benefit of guidance from this Court, preserve judicial resources, and help avoid unnecessary briefing. Because the *Nigrelli* appeals involve the same challenged statutory provision and the same legal claims at issue

3

in the present appeal, decisions in those cases will be highly instructive, and possibly dispositive, of the legal claims here.

Judicial economy also favors holding the present appeal in abeyance. Given the fact that the *Nigrelli* appeals have been fully briefed and argued, it would conserve both the parties' and the judiciary's resources to allow this Court to issue a decision and provide the parties guidance as to the issues in this case. Such an abeyance would be limited in time, given that the *Nigrelli* appeals have been expedited for review.

Finally, holding the appeal in abeyance would not cause prejudice to any party. Appellees do not oppose Appellants' motion to stay the appeal.

## CONCLUSION

For the foregoing reasons, Appellants respectfully move the Court to hold this appeal in abeyance pending decisions from this Court in *Antonyuk v. Nigrelli*, No. 22-2908 (2d Cir. Nov. 9, 2022), *Hardaway v. Nigrelli*, No. 22-2933 (2d Cir. Nov. 15, 2022) and *Spencer v. Nigrelli*, No. 22-3237 (2d Cir. Dec. 30, 2022), extending the time to file their opening brief until 90 days after the mandates are issued by the Court in those cases.

Respectfully submitted this 1st day of September 2023.

| | |
|---|---|
| Aurora Cassirer<br>FisherBroyles LLP<br>9th Floor<br>445 Park Avenue<br>New York, NY 10022<br>917-817-6617<br>Aurora.Cassirer@FisherBroyles.com | /s/ Geoffrey R. Surtees<br>Geoffrey R. Surtees<br>American Center for Law and Justice<br>PO Box 60<br>New Hope, KY 40052<br>502-549-7020<br>gsurtees@aclj.org<br><br>Christy Compagnone<br>American Center for Law and Justice<br>201 Maryland Ave NE<br>Washington, DC 20002<br>202-641-9168<br>ccompagnone@aclj.org<br><br>Counsel for Appellants |

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Geoffrey R. Surtees, counsel for Appellants and a member of the Bar of this Court, certify, pursuant to Federal Rule of Appellate Procedure 27(d), that the foregoing Unopposed Motion to Hold Appeal in Abeyance is proportionately spaced, has a typeface of 14 points or more and contains 696 words.

/s/ Geoffrey R. Surtees
Geoffrey R. Surtees
September 1, 2023

**CERTIFICATE OF SERVICE**

I, Geoffrey R. Surtees, counsel for Appellants and a member of the Bar of this Court, certify that, on September 1, 2023, the foregoing Unopposed Motion to Hold Appeal in Abeyance was filed with the Clerk through the Court's electronic filing system. I further certify that all parties required to be served have been served.

/s/ Geoffrey R. Surtees
Geoffrey R. Surtees
September 1, 2023
